

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed May 12, 2011**

---

*Codilis & Stawiarski, P.C.*
650 N. Sam Houston Parkway East, Suite 450
Houston, Texas 77060 (281) 925-5200
Facsimile: (281) 925-5300
**ATTORNEYS FOR MOVANT**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70284-HDH-13 |
| KEVIN MICHAEL REESE AND KAREN | § | |
| DENISE REESE FKA KAREN COX | § | CHAPTER 13 |
|     DEBTORS | § | |
| | § | |
| PHH MORTGAGE CORPORATION, ITS | § | |
| SUCCESSORS AND ASSIGNS, | § | |
|     MOVANT | § | |
| VS. | § | |
| KEVIN MICHAEL REESE AND KAREN | § | |
| DENISE REESE FKA KAREN COX AND | § | |
| WALTER OCHESKEY, TRUSTEE, | | |
|     RESPONDENTS | | |

**AGREED ORDER CONDITIONALLY MODIFYING AUTOMATIC STAY**
**1407 LARCHMONT PL.,WICHITA FALLS, TX 76302**
(#    )

CAME ON before the Court for consideration the Motion For Approval filed by PHH

MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, Movant, and any response of Debtors/Respondents. The Court finding that the parties have reached an agreement conditionally modifying the Automatic Stay of 11 U.S.C. §362 ("Automatic Stay"), it is accordingly:

**ORDERED** that the Automatic Stay shall remain in effect, except as modified herein. It is further

**ORDERED** that pursuant to the terms of that one certain Note executed by Debtors in favor of Movant, secured by a Deed of Trust encumbering the real property more fully described hereinafter, Debtors shall disburse directly to Movant, timely when due, each monthly installment that falls due on or after the first day of April 2011. It is further

**ORDERED** that Debtors shall pay to Movant **$4,000.00** on or before April 18, 2011. Said funds shall be applied to the mortgage installments arrearage of $6,042.61. It is further

**ORDERED** that Debtor shall file a Modification Request within thirty (30) days after the entry of this Order. The Modification shall include the remaining post-petition mortgage installment arrearage in the amount of **$2,042.61**. The arrearage consists of the post-petition mortgage installments, late charges, attorney fees and attorney costs as follows:

**Mortgage payments: (10) @ $582.86 for 06/01/10 through 03/01/11 = $5,828.60**
**Late Charges: (10) @ $18.00 for 06/01/10 through 03/01/11 = $180.00**
**Attorney Fees: $525.00**
**Less Debtor Suspense: (-$490.99)**
**Less Funds Received: (-$4,000.00)**
**TOTAL POST-PETITION ARREARS: $2,042.61**

**ORDERED** that Movant shall amend the Proof of Claim to include the amount of $2,042.61 as indicated above. It is further

**ORDERED** that the "Post-Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim. It is further

**ORDERED** that Debtor(s) shall provide to Movant, on or before <u>April 18, 2011</u>, proof of payments made to Movant, but not credited to Debtor(s)'s account. In the event Debtor(s) should provide such proof, Movant shall adjust its records accordingly. It is further

**ORDERED** that Debtor shall make all Trustee payments according to the Plan. Debtor shall keep all Trustee payments current. It is further

**ORDERED** that the above referenced mortgage installments and additional payments to bring arrearages current shall be made to the mortgage company at the following address:

PHH Mortgage Services Corporation
4001 Leadenhall Road
Mail Stop SV-01
Mt. Laurel, NJ 08054

It is further **ORDERED** that if Debtor defaults on any of the terms of this Order, Movant shall mail notice of the default to Debtor by certified mail, return receipt requested, and by regular

mail. Unless Debtor cures the default within ten (10) days of the date Movant mails the notice, the Automatic Stay shall be and is hereby ordered lifted with respect to Movant, its assignees and/or successors in interest. Movant shall send Notice of Default to Debtor on two (2) separate occasions only. Upon the third default by the Debtor to remit any of the payments referenced above, the Automatic Stay shall be ordered lifted with respect to Movant without further notice to Debtor. If Debtor defaults under the terms of this Order and the automatic stay is lifted, Movant and its assignees and/or successors in interest shall be excepted from the Automatic Stay is authorized to enforce its lien and to pursue its statutory and contractual remedies to gain possession of the following described real property:

LOT NUMBER SIX (6), BLOCK NUMBER THIRTEEN (13), SOUTHERN HILLS SECTION DITTOE HEIGHTS, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO PLAT OF RECORD IN VOLUME 7, PAGE 119, WICHITA COUNTY, PLAT RECORDS.

    Also known as:
    1407 LARCHMONT PL
    WICHITA FALLS, TX 76302

    It is further **ORDERED** that in the event this case is converted to a Chapter 7 of the Bankruptcy Code, the automatic stay shall lift without further notice except to the extent the property described above is non-exempt property, and any and all arrearages owed to Movant by Debtors shall become due and payable immediately. It is further

    **ORDERED** that Movant shall give notice to the Trustee immediately upon foreclosure and that Movant shall amend or withdraw its claim herein within twenty (20) days after foreclosure. It is further

    **ORDERED** that in the event this case is dismissed and not reinstated, the agreements reached between the parties in this order are cancelled, of no further effect, and neither party shall

be bound by the agreements made herein

# # # END OF ORDER # # #

\*      The signature of Movant's counsel shown below is an affirmative representation to the Court that Movant has complied with Bankruptcy Rule Number 4001.

APPROVED AS TO FORM AND ENTRY REQUESTED:
*Codilis & Stawiarski, P.C.*

By: /s/ Angela K. Randermann *
Angela K. Randermann SBOT  24029787 (31688)
Lisa L. Cockrell SBOT 24036379
Sarah E. Sibley SBOT 24043439
650 N. Sam Houston Parkway East, Suite 450
Houston, Texas 77060 (281) 925-5200
Facsimile: (281) 925-5300
**ATTORNEYS FOR MOVANT**

/s/ Monte Jay White, by written permission
MONTE JAY WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX 76301
**ATTORNEY FOR DEBTORS**

44-09-3513
XXXXX00139
REESE, KEVIN MICHAEL
Conventional